**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| FRANK MENESES-ARRECHA, | § | |
| *Petitioner* | § | |
| | § | |
| v. | § | Case No.  SA-26-CA-00084-XR |
| | § | |
| WARDEN, SOUTH TEXAS ICE | § | |
| PROCESSING CENTER, | § | |
| *Respondent* | § | |

## ORDER DISMISSING PETITION FOR HABEAS CORPUS

On this date, the Court considered Frank Meneses-Arrecha's Petition for a Writ of Habeas Corpus (ECF No. 1). After careful consideration, the petition is **DISMISSED**.

On October 15, 2025, Petitioner, a native and citizen of Cuba who had lived in the United States for over 30 years, was arrested by U.S. Immigration and Customs Enforcement ("ICE") in San Antonio, Texas, and detained at the South Texas ICE Processing Center in Pearsall, Texas. *See* ECF No. 1 at 6. Petitioner was ordered removed in July 2006, *see id.* at 4, but later released under supervision because Cuba "has historically refused repatriation of similarly situated individuals," *id.* at 7. Petitioner fully complied with the terms of his supervised release, and ICE offered no explanation for revoking his release. *Id.* At some point in December 2025 or January 2026, Petitioner was removed to Mexico, despite having no "citizenship, status or documented ties to Mexico." *Id.* at 6.

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The Fifth Circuit has held that "an alien who has been deported pursuant to a final removal order is not 'in custody' for habeas

purposes." *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (explaining that the "in custody" determination is made when the petition is filed).

Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules") provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Cf. Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) (applying the Habeas Rules to an immigration habeas case under 28 U.S.C. § 2241).

By admission in his own pleadings, Petitioner was removed to Mexico before his petition was filed. *See* ECF No. 1 at 1 ("Petitioner was detained at the time this was prepared[.] ICE has since executed removal and advised that immigration matters are closed."). Since Petitioner had already been removed from the United States at the time he filed his petition, he was not "in custody" in this district within the meaning of 28 U.S.C. § 2241. *See Merlan*, 667 F.3d at 539 ("Because Merlan has failed to show that his deportation was the result of any extreme circumstances or that he is subject to any restraints in Mexico not experienced by other non-citizens who lack the documentation to enter the United States, he has not shown that he is 'in custody' within the meaning of § 2241."). Accordingly, the Court lacks jurisdiction over this case and, pursuant to Habeas Rule 4, must dismiss the petition.

For the foregoing reasons, the Petition for Habeas Corpus (ECF No. 1) is **DISMISSED**. A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this 3rd day of February, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE